[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Appellant Terry Lee Smith appeals his adjudication as a sexual predator. In Smith's appeal, he raises the following two assignments of error: (1) the trial court erred by admitting evidence of Smith's rape conviction that occurred subsequent to the sexually-oriented offense for which the sexual-predator hearing was being conducted and (2) the determination that he was a sexual predator was against the manifest weight of the evidence.
In support of his first assignment, Smith argues that the consideration of a subsequent conviction is in contravention of R.C. 2950.09(B)(2). R.C. 2950.09(B)(2) enumerates factors the court may consider in making its determination of whether a defendant is a sexual predator. Because the statute refers only to consideration of an offender's prior criminal record, and not his subsequent criminal conduct, Smith contends that subsequent criminal conduct cannot be considered by the trial court. We disagree.
The statute clearly states that the trial court is not limited to consideration of only the enumerated factors. It may consider "all relevant factors, including, but not limited to" those contained in the statute. We conclude that a defendant's subsequent history of inappropriate sexual conduct may be considered.[1] The fact that Smith was convicted of a rape and kidnapping while on parole for a rape and abduction was surely a "relevant factor."
Smith next contends that the state failed to prove by clear and convincing evidence that he is likely to engage in future sexually-oriented offenses. The state placed into evidence the facts of the rape for which Smith was being adjudicated a sexual predator, and the fact that two months after serving ten years in prison for rape and abduction, and while on parole, he was involved in another rape and kidnapping for which he was convicted. Smith placed in evidence the fact that he had attended eleven of eleven sex-offender-treatment groups, but that he was not allowed to progress to the next phase of treatment because there was evidence that the test answers on the final exam were not his. He also produced evidence that he had made some progress in group therapy and that he had completed certain didactic courses while incarcerated.
While we do not believe that the facts underlying an offender's conviction necessarily constitute clear and convincing evidence, we believe that because, during the two-month period Smith was allowed to manage his own affairs, he forcibly raped and kidnapped another victim, the trial court did not err in adjudicating Smith a sexual predator.
Therefore, we affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate, to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., PAINTER and SUNDERMANN, JJ.
[1] Accord State v. Hix (Nov. 20, 1998), Montgomery App. No. 16965, unreported.